# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:19-cv-00293-CAS-ASx | Date | July 29, 2019 |
|---|---|---|---|
| Title | CREDIT CARDS V. KTA TOUR, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Shelley Sagara                      Not Present

**Proceedings:** PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS KTA TOUR, INC. AND EUEN B. YOUNG (Dkt. [ 25 ], filed on May 31, 2019)

PLAINTIFF'S REQUEST TO DISMISS THE THIRD AND FOURTH CLAIMS WITHOUT PREJUDICE (Dkt. [ 22 ], filed on May 6, 2019)

## I. INTRODUCTION

On January 14, 2019, plaintiff Credit Card Services, Inc., a California Corporation d/b/a Bankcard Services ("BCS") filed this action against defendants KTA Tour, Inc. ("KTA"), and Euen B. Young ("Young") (collectively "defendants"). Dkt. 1 ("Compl."). Plaintiff alleges claims for (1) breach of contract against KTA, (2) breach of written continuing personal guaranty agreement against Young, (3) money due on dishonor of checks against both defendants, pursuant to California Civil Code § 1719, and (4) fraud against both defendants, pursuant to California Civil Code § 3294. Id.

Plaintiff served the summons and complaint on Young on February 5, 2019, and on KTA on February 25, 2019. Dkt. 8. Both Young and KTA failed to respond to the summons. On February 28, 2019, plaintiff filed an application for the Clerk to enter default against Young. Dkt. 10. On March 1, 2019, the Clerk of the court entered default as to Young. Dkt. 11. Plaintiff filed an amended application for the Clerk of the court to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-00293-CAS-ASx | Date | July 29, 2019 |
| Title | CREDIT CARDS V. KTA TOUR, INC. ET AL. | | |

enter default against KTA on April 10, 2019, and on the same day, the Clerk of the court entered default as to KTA.[1] Dkts. 17, 18.

On May 31, 2019, plaintiff filed a motion for default judgment against KTA and Young.[2] Dkt. 25 ("Mot."). In support of its motion, plaintiff submitted a declaration prepared by Shelley A. Sagara. Dkt. 25-2 ("Sagara Decl."). Plaintiff also submitted a request for the Court to dismiss the third and fourth claims alleged in its initial complaint. Dkt. 22.

The Court held a hearing on July 29, 2019, and defendants failed to appear. Having carefully reviewed the motion, and plaintiff's supporting declaration and exhibits, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff is a credit card processing company. Compl. ¶¶ 8–9. Defendant KTA is a travel service provider. Id. Defendant Young is the president and principal of KTA. Id. On April 3, 2017, Young, on behalf of KTA, signed and delivered a Bankcard Merchant Application and Agreement to plaintiff, dkt. 1-1 at 2–4 (the "KTA Merchant Agreement"), which incorporated the terms and conditions of plaintiff's Bankcard Services Merchant Processing Agreement, dkt. 1-1 at 6–7 ("BCS Merchant Agreement"); see also Compl. ¶¶ 11–12. Pursuant to the terms of these agreements, plaintiff agreed to provide credit card processing services to KTA, and KTA obligated itself to pay the value of each chargeback and any related fees incurred by plaintiff resulting from processing KTA's credit card charges.[3] Id. ¶¶ 13–14. KTA also committed to using plaintiff's services for a 36-month time period; in the event that KTA terminated the agreement before 36 months elapsed, it agreed to pay a cancellation fee and all costs incurred by

---

[1] On April 5, 2019, the Clerk of the court denied plaintiff's initial application for default against KTA, dkt. 14, because plaintiff's proof of service was inadequate, dkt. 15.

[2] Plaintiff initially filed this application on May 6, 2019, but failed to serve the application on defendants and then refiled it on May 31, 2019, serving defendants. Plaintiff then refiled the application on May 31, 2019, at which point it served defendants. The Court therefore **DENIES** the application which plaintiff filed on May 6, 2019 as moot.

[3] A "chargeback" is a demand by a credit-card provider for a retailer to repay the loss on a fraudulent or disputed transaction. BCS Merchant Agreement §1.14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-00293-CAS-ASx | Date | July 29, 2019 |
| Title | CREDIT CARDS V. KTA TOUR, INC. ET AL. | | |

plaintiff in pursuit of KTA's debt. Id. ¶¶ 12–15, 17; see also BCS Merchant Agreement §4.04. A provision of the KTA Merchant Agreement also obligated Young to serve as the personal guarantor of all present and future debt KTA owed to plaintiff. KTA Merchant Agreement at 2. In addition, KTA agreed to pay reasonable attorneys' fees incurred by BCS in pursuit of any debt it owes to BCS, as well as any attorneys' fees or other costs resulting from KTA's early termination or breach. BCS Merchant Agreement §4.04(a).

Between September 2017 and March 2018, KTA incurred numerous disputed charges on its account, which caused plaintiff to pay chargebacks totaling $45,540.00. Compl. ¶ 15. Additionally, as a result these disputed charges, KTA incurred "month end fees" in the sum of $425.81 and "reject fees" of $20.00 for each individual transaction that was rejected for non-sufficient funds. Sagara Decl. ¶ 12.[4] Plaintiff also alleges that KTA incurred a cancellation fee of $399.00.[5]

In November 2017, in an attempt to repay plaintiff on the outstanding charges, KTA allegedly agreed to tender payments in the form of post-dated checks. Compl. ¶ 27. On November 10, 2017, plaintiff received three post-dated checks signed by Young, each in the amount of $7,455.00. Id. Plaintiff asserts that when it deposited two of these checks, on or about December 15 and December 18, 2017, both were returned by defendants' bank for insufficient funds. Id. ¶¶ 26–29.

Plaintiff claims it has fully performed its obligations under the terms of the contract. Id. ¶ 19. Plaintiff also claims that, because defendants have not repaid their

---

[4] "Month-end fees" consisted of merchant location fees, account maintenance fees, merchant fees, and regulatory fees

[5] The complaint does not state explicitly that defendants terminated the contract in advance of the contracted 36 months. Rather, it states that defendants incurred a $399.00 cancellation fee. The Sagara Declaration, however, clarifies that the cancellation fee mentioned in the complaint resulted from defendants' early termination. Sagara Decl. ¶ 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:19-cv-00293-CAS-ASx | Date | July 29, 2019 |
| Title | CREDIT CARDS V. KTA TOUR, INC. ET AL. | | |

outstanding debt, they are in breach of the agreement and owe plaintiff a sum of $46,774.81. Id. ¶ 16.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

## IV. DISCUSSION

Plaintiff seeks default judgment against defendants for (1) the amount of money in debt it has incurred from processing KTA's credit card charges, (2) prejudgment interest, (3) attorneys' fees, and (4) additional litigation costs. See Sagara Decl. ¶¶ 15–20. These total $52,108.38.

### A. Application of Eitel Factors

#### 1. Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Plaintiff contends that, notwithstanding its attempts to give defendants notice, defendants have failed to serve a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:19-cv-00293-CAS-ASx | Date | July 29, 2019 |
| Title | CREDIT CARDS V. KTA TOUR, INC. ET AL. | | |

response within the time allowed by the law and have not sought additional time to respond to the complaint. Sagara Decl. ¶¶ 4–6. Given defendants' failure to litigate this case, plaintiff "will likely be without other recourse for recovery" if default judgment is not entered. Pepsi, 238 F. Supp. 2d at 1177. Accordingly, the first Eitel factor weighs in favor of entering default judgment.

### 2. Sufficiency of the Complaint and the Likelihood of Success on the Merits

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). Plaintiff's initial complaint alleged four claims against defendants: (1) breach of contract, (2) breach of written continuing personal guaranty, (3) money due on dishonor of checks, and (4) fraud. See generally Compl. On May 6, 2019, plaintiff requested the Court to dismiss the third and fourth claims without prejudice. Dkt. 22.

The Court hereby **GRANTS** plaintiff's request and **DISMISSES** plaintiff's claims for money due on dishonor of checks and fraud *without prejudice*. The Court analyzes plaintiff's two remaining claims in turn below.

#### a. Breach of Contract

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011) (internal citations omitted). A valid contract requires capable, consenting parties, a lawful object, and sufficient cause or consideration. Id.; see also Cal. Civ. Code § 1550 (West).

A contract was formed because on April 3, 2017, KTA executed and delivered the KTA Merchant Agreement to plaintiff, incorporating the terms of the BCS Merchant Agreement, and thereby agreeing to abide by these terms in return for plaintiff's commitment to provide its services. Compl. ¶¶ 12–13. Specifically, plaintiff committed to processing KTA's credit card purchases. Id. In return, KTA obligated itself to pay on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:19-cv-00293-CAS-ASx | Date | July 29, 2019 |
| Title | CREDIT CARDS V. KTA TOUR, INC. ET AL. | | |

demand for any chargebacks that resulted from plaintiff processing KTA's credit card purchases. Id. KTA also agreed to a cancellation fee in the event it decided to terminate the agreement early. Id.; see BCS Merchant Agreement § 4.04.

Plaintiff asserts that it has "duly performed all of the conditions precedent . . . required to be performed," by providing its services to KTA as promised. Compl. ¶ 19. KTA made multiple disputed transactions resulting in chargebacks, obligating it to pay plaintiff for the costs associated with those charges. Id. ¶ 15. By "wholly fail[ing], refus[ing], and neglect[ing] to pay any of the chargebacks or related fees," defendants breached their contractual obligation. Id. ¶¶ 15–16. As a result of this breach, plaintiff suffered a monetary loss of $46,774.81. Id. ¶ 16.

The court therefore finds that plaintiff has adequately stated a claim for breach of contract against KTA, and that, because plaintiff has presented all of the necessary elements for a breach of contract claim, it is likely that the claim would succeed on the merits.

### b. Breach of Continuing Personal Guaranty

A continuing guaranty is a promise to answer for future debt, default, or miscarriage of the principal, "under successive transactions, which continue his liability," Cal. Civ. Code § 2814 (West); see also Central Building, LLC v. Cooper 127 Cal. App. 4th 1053, 1058 (2005).

As a condition to plaintiff providing services to KTA, Young signed a Continuing Personal Guaranty Agreement whereby he became jointly and severally liable for all present and future obligations of KTA. See KTA Merchant Agreement at 2; see also Compl. ¶ 21. Accordingly, when KTA failed to pay its debt, Young became obligated to pay on KTA's behalf. Plaintiff asserts, however, that Young "failed, refused, and neglected to perform [his] obligations in light KTA's failure to pay," constituting a breach of his guaranty. Id. ¶ 24.

Therefore, the Court also finds that plaintiff has adequately stated a claim for breach of written continuing personal guaranty against Young, and that the executed contracts presented by plaintiff indicate that the claim is likely to succeed on the merits.

Accordingly, plaintiff has stated claims upon which it can recover, and the second and third Eitel factors weigh in favor of the entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:19-cv-00293-CAS-ASx | Date | July 29, 2019 |
| Title | CREDIT CARDS V. KTA TOUR, INC. ET AL. | | |

### 3. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14–cv–09421–MMM–PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04–cv–02559–JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiff seeks compensatory damages based on the $46,774.81 that defendants incurred in debt throughout the course of their contract with plaintiff, in addition to prejudgment interest of $1,224.52, attorneys' fees in the amount of $3,406.48, and $702.57 for additional fees associated with filing the complaint. Sagara Decl. ¶¶ 15-20; Dkt. 27 ("Supp. Sagara Decl.") ¶¶ 2–3. This totals $52,108.38.

In support of its request for default judgment, plaintiff proffers (1) a detailed accounting of KTA's outstanding balance as of March 28, 2018, including the value of each disputed charge and any fees associated with it, dkt. 25 at 36 ("Total Loss Summary"); and (2) both the BCS Merchant Agreement and the KTA Tour Merchant Agreement, which demonstrate that defendants agreed to pay the value of the disputed charges and the fees that they accrued, see BCS Merchant Agreement §3.04; see also KTA Tour Merchant Agreement.

Seeing as plaintiff merely seeks reimbursement for services rendered and the expenses it has incurred, the Court concludes that the damages sought are consistent with the terms of the contracts, and that the sum of money at stake is reasonable and proportional to the seriousness of defendants' conduct. The fourth Eitel factor therefore favors the entry of a default judgment.

### 4. Possibility of a Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:19-cv-00293-CAS-ASx | Date | July 29, 2019 |
|---|---|---|---|
| Title | CREDIT CARDS V. KTA TOUR, INC. ET AL. | | |

Plaintiff has produced a copy of its standard form agreement that has been signed by defendants. See KTA Tour Merchant Agreement. Thus, a factual dispute is unlikely as to the parties' mutual assent to the terms of the agreement. Additionally, because plaintiff has provided a detailed account of KTA's debt, plaintiff's allegations regarding KTA's breach and plaintiff's resulting financial loss are unlikely to be subject to a factual dispute. Furthermore, having defaulted, defendants have admitted all factual allegations contained in the complaint, and therefore no genuine dispute of material facts exists which would preclude granting the motion. See Elektra, 226 F.R.D. at 393. Accordingly, this factor weighs in favor of entering default judgment.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. In accordance with Rule 4 of the Federal Rules of Civil Procedure, plaintiff served the summons, complaint and notice to counsel on Young on February 5, 2019, and on Bora Yeun, Agent for Service of KTA, on February 25, 2019. Dkt. 8; Dkt. 16. Neither defendant has filed an answer or otherwise responded. Sagara Decl. ¶ 4. The Clerk entered default against Young on March 1, 2019 and against KTA on April 10, 2019. Dkts. 11; 18. Plaintiff served the instant application for default judgment on both defendants on May 31, 2019. See Mot. at 46 ("Proof of Service").

Where a defendant "[is] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," there is little possibility of excusable neglect. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Thus, in light of the fact that both Young and KTA were properly served with the summons and complaint, as well as the papers in support of the instant motion, this factor weighs in favor of entering default judgment against defendants.

### 6. Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). Rule 55(a) permits a court to decide a case before the merits are heard if a defendant fails to defend the suit. Here, defendants' failure to respond to any of the actions in this litigation or retain counsel and defend this action makes a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-00293-CAS-ASx | Date | July 29, 2019 |
| Title | CREDIT CARDS V. KTA TOUR, INC. ET AL. | | |

decision on the merits impractical, if not impossible. Thus, the seventh Eitel factor does not preclude the entry of default judgment.

### 7. Conclusion Regarding Eitel Factors

Apart from the policy favoring decisions on the merits, the Court concludes that all of the remaining Eitel factors weigh in favor of granting default judgment, including the merits of plaintiff's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all of the Eitel factors, the Court finds that entry of default judgment is appropriate.

### B. Relief Sought by Plaintiff

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (internal quotation marks omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." See Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc., No. 04-02841 CW, 2005 WL 433462, at *2 (N.D. Cal. Feb. 24, 2005). Here, plaintiff seeks a moderate amount of damages, and has provided a declaration to substantiate its requested relief. See generally Sagara Decl.

### 1. Debt Incurred by Defendants While Making Use of Plaintiff's Services

California Law provides that, "[f]or breach of an obligation arising from contract, the measure of damages, except otherwise expressly provided in the code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal. Civ. Code § 3300 (West). In addition, breach of contract damages must be "clearly ascertainable in both their nature and origin." Id. § 3301 (West).

Plaintiff seeks $46,774.81 for credit card processing services which it provided to defendant. See Sagara Decl. ¶ 12. Plaintiff supports its request for this amount by providing an accounting of each disputed transaction made by KTA from September 3, 2017, through March 28, 2019— totaling $45,540.00 — and a description of the reason ACH rejected the transaction. See Total Loss Summary. Plaintiff's Total Loss Summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-00293-CAS-ASx | Date | July 29, 2019 |
| Title | CREDIT CARDS V. KTA TOUR, INC. ET AL. | | |

also notes that each of these chargebacks resulted in a reject fee of $20.00, totaling $540.00, and related fees totaling $425.81, which resulted from merchant location fees, account maintenance fees, and regulatory fees, Sagara Decl. ¶ 12. Id. To support these numbers, plaintiff provides (1) the BCS Merchant Agreement, showing that defendants agreed to pay the published fees for each chargeback as well as the value of each chargeback on the list, see BCS Merchant Agreement §3.04; and (2) an explanation that the fees listed in the Total Loss Summary. The declaration also includes the Continuing Personal Guaranty, signed by Young, indicating Young's personal and continuing liability for all debt incurred by KTA. This renders him jointly and severally liable for the damages plaintiff requests. In light of the foregoing, the Court finds that plaintiffs have sufficiently proved up the amount of $46,774.81 in damages owed resulting from defendants' breach.

As clarified at oral argument, plaintiff also seeks prejudgment interest on the unpaid debt, pursuant to 28 U.S.C. § 1961(a), for the time period commencing on April 2, 2018, to July 29, 2019. Supp. Sagara Decl. ¶¶ 2–3. As calculated by averaging the one-year constant maturity Treasury yield for the calendar week preceding the date of the Court's order, see 28 U.S.C. § 1961(a), the appropriate rate of prejudgment interest is 1.98%, and the interest totals $1,224.52.

Accordingly, totaling plaintiff's damages and prejudgment interest, plaintiff is entitled to $47,999.33.

### 2. Fees and Costs

With respect to the $4,109.05 in attorneys' fees and litigation costs, plaintiff presents the BCS Merchant Agreement, where KTA agreed to pay attorneys' fees and all other costs and expenses which plaintiff may incur in pursuit of collecting any debt owed to them by KTA. Sagara Decl. ¶ 12; BCS Merchant Agreement §4.04.

Local Rule 55-3 determines attorneys' fees for a default judgment pursuant to a fixed percentage schedule. C.D. Cal. L.R. 55-3. For a judgment between $10,000.01 and $50,000, the amount awarded in attorneys' fees is determined by adding (1) the fixed amount of $1,200 and (2) six percent of the difference between the total amount in damages and $10,000. Id.

Plaintiff requests attorneys' fees in the amount of $3,406.48 based on its calculation using the fee schedule referenced above. Sagara Decl. ¶ 19. Because $46,774.81 minus $10,000 equals $36,774.81, and six percent of $36,774.81 equals

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-cv-00293-CAS-ASx | Date | July 29, 2019 |
|---|---|---|---|
| Title | CREDIT CARDS V. KTA TOUR, INC. ET AL. | | |

$2,206.48, the amount awarded to plaintiff in attorneys' fees is the sum of $2,206.48 and $1,200.00. This amounts to $3,406.46 in attorneys' fees.

Plaintiff also asserts that KTA owes $702.57 in additional costs, as follows: (1) $400.00 for the cost of filing the action in court, (2) $152.67 in process server fees for service on KTA, and (3) $149.90 in process server fees for service on Young. Sagara Decl. ¶ 20. Plaintiff has provided the proofs of service for KTA and Young which list the cost of service. See Mot. at 43–46.

The Court is satisfied that an attorneys' fee award of $3,406.48 is reasonable and that the Local Rule schedule is met. The Court is also satisfied with the proof plaintiff has provided of its additional litigation costs. Accordingly, plaintiff is entitled to the requested fees and costs of $3,406.48 and $702.57, respectively.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment.

The Court **ORDERS** that judgment be entered in favor of plaintiff. Defendants KTA Tour and Euen B. Young shall be jointly and severally liable to plaintiff in the amount of $47,999.33 in compensatory damages, including prejudgment interest, $3,406.48 in attorneys' fees, and $702.57 in additional court costs. This totals $52,108.38.

IT IS SO ORDERED.

|  |  | 00 | : | 02 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |